IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:20-CR-00494-LMM-LTW-1 |
| JOHNNY COLESON, a/k/a Johhny Coleson, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on the Motion for Release Pending Sentencing filed by Defendant Johnny Coleson, also known as Johhny Coleson, pursuant to 18 U.S.C. § 3143(a)(1). Dkt. No. [45]. The government opposes the motion. Dkt. No. [46]. After due consideration, the Court enters the following Order.

**I.   PROCEDURAL HISTORY**

The indictment charged Defendant with 25 counts and bank fraud and 25 counts of aggravated identity theft. See Dkt. No. [1]. On February 8, 2021, the Magistrate Judge ordered Defendant detained without bond, finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. No. [16] at 2. The

Magistrate Judge noted that Defendant had previously violated the terms of his supervised release by committing criminal offenses. Id. at 2-3; Dkt. No. [19] at 19. On February 10, Defendant filed a Motion for Review of the Magistrate Judge's Detention Order. Dkt. No. [18]. On February 24, the undersigned denied the motion, also finding that no condition or combination of conditions would reasonably assure the safety of the community if Defendant were released on bond. Dkt. No. [21].

## II.   ANALYSIS

### A.   Legal Standard

Section 3143 ordinarily requires a judicial officer to detain a person who has been found guilty of an offense and is awaiting sentencing. 18 U.S.C. § 3143(a)(1). The statute provides an exception for release where "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c)." Id.

### B.   Discussion

Defendant contends that although the Court previously denied bond, he now meets the exception for release. He explains that on June 8, 2021, he entered a guilty plea to two counts of the indictment, count 1 (bank fraud) and count 26 (aggravated identity theft), and that the other 48 counts have been or will be dismissed. He states that while the indictment alleged that the amount of money he obtained from the banks was $210,600.00, the bank-fraud count to which he

pleaded guilty amounted to only $9,800.00, which is less than 5% of the total amount. He also notes that prior to his guilty plea, the Pretrial Services Report ("PSR") recommended that he be released from detention on a $15,000.00 surety bond with various conditions including house arrest. He argues that because he now stands guilty of only one count of bank fraud totaling $9,800.00 and one count of identity theft, the recommendation in the PSR is even more appropriate at this time.

Defendant additionally avers that he is not likely to flee or pose a danger to the safety of any other person or the community because he is 44 years of age; lives in Jonesboro, Georgia, with his mother, who owns her own home; he and his fiancée plan to purchase his mother's home; and he has served as the father to his fiancée's son, who suffers from a neurological disorder. He also represents that a business he started with his fiancée has merged with a security and property-management business owned by John Sirco; that Defendant is an instrumental partner in the business, providing contacts and performing hands-on daily activities of the business; and that Mr. Sirco, who was a Gwinnett County detective for more than 12 years, has trusted Defendant with his business and personal finances.

After a thorough review of the record, the Court finds that the factors still weigh in favor of detention. First, despite the reduced charges, Defendant still faces a significant term of imprisonment. The bank-fraud count still carries a maximum sentence of 30 years of imprisonment, see 18 U.S.C. § 1344, and the

aggravated-identity-theft count will result in a two-year prison sentence stacked on top of the sentence Defendant will receive for bank fraud, see 18 U.S.C. § 1028A(a)(1), (b)(2). The plea agreement also provides that "the Probation Office and the Court may still consider the conduct underlying [the] dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under [18 U.S.C. §] 3553(a)," Dkt. No. [40-1] at 5 ¶ 11, and that the Government will recommend that Defendant be sentenced at the high end of the adjusted guideline range, id. at 8 ¶ 8. Second, Defendant still has an extensive history of committing fraud-related offenses, see Dkt. No. [18] at 10-11, the most recent of which occurred while Defendant was on supervised release, Dkt. No. [20-5]. Third, as the Magistrate Judge noted, the identity theft and bank fraud of which Defendant has a history pose a substantial danger to members of the community. See Dkt. No. [19] at 19-20. Considering all these reasons, the Court concludes that Defendant has not shown by clear and convincing evidence that he will not pose a danger to the community if he is released on bond.

### III. CONCLUSION

Based upon the foregoing, Defendant's Motion for Release Pending Sentencing [45] is **DENIED**.

**IT IS SO ORDERED** this 21st day of October, 2021.

_____
**Leigh Martin May**
**United States District Judge**

4